IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| KENNETH A. JONES, | OPINION and ORDER |
| Petitioner, | 18-cv-239-bbc |
| v. | |
| LOUIS WILLIAMS, II, | |
| Respondent. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Kenneth A. Jones has filed an "emergency" petition under 28 U.S.C. § 2241 seeking immediate release from custody on the ground that the Bureau of Prisons failed to properly credit him for time spent in federal custody prior to his revocation and the imposition of a 21 month sentence on June 21, 2017 in United States v. Jones, 11-cr-3110 (D. Neb.). Specifically, petitioner says that the sentencing judge recommended that he be given 300 days sentencing credit for time spent in federal custody pending revocation, but the Bureau of Prisons gave him only 164 days sentencing credit. Petitioner says that if he had been given the correct sentencing credit, he would have been released on February 3, 2018.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which may be applied to habeas petitions brought under § 2241. Rule 1(b), Rules Governing Section 2254 Cases; 28 U.S.C. § 2243. Under Rule 4,

1

the court will dismiss the petition only if it plainly appears that petitioner is not entitled to relief. Here, it appears that petitioner is not entitled to relief, but I will give him an opportunity to supplement his petition with more information.

OPINION

District courts do not award or calculate credit for time served when they are imposing a sentence. Rather, the Attorney General, acting through the Bureau of Prisons, administers a federal defendant's sentence. Taylor v. Lariva, 638 F. Appx. 539, 541 (7th Cir. 2016) (citing United States v. Wilson, 503 U.S. 329, 335 (1992)). However, district courts can consider petitions under § 2241 regarding whether the Bureau of Prisons is correctly administering federal sentences that, like petitioner's, are being served in this circuit. Id. See also Romandine v. United States, 206 F.3d 731, 736 (7th Cir. 2000) ("Requests for sentence credit, or for recalculation of time yet to serve, . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241.").

Petitioner contends that he should have received 136 additional days of credit for time spent in federal custody pending his revocation. However, it appears from the docket in petitioner's underlying criminal case, United States v. Jones, 11-cr-3110 (D. Neb.), that petitioner was confined in a halfway house pending revocation during the time period for which he now seeks sentencing credit. The Court of Appeals for the Seventh Circuit has explained that it is within the Bureau of Prisons's discretion to deny sentencing credit for

time spent in a halfway house. Schaefer v. Bezy, 199 F. Appx. 548, 551 (7th Cir. 2006) ("Schaefer is not entitled to time credit for the forty-one days that he spent at the Volunteers of America facility prior to his imprisonment."); Ramsey v. Brennan, 878 F.2d 995, 996 (7th Cir. 1989) (upholding Bureau of Prisons's policy denying sentencing credit for time spent in a halfway house). Thus, to the extent petitioner is seeking sentencing credit for time spent in a halfway house, the Bureau of Prisons was within its authority to deny such credit, despite the sentencing judge's recommendation that credit be awarded.

That being said, I cannot determine with certainty that petitioner was living at a halfway house, rather than in federal custody, for the entire 136 days for which he seeks credit. Therefore, I will give petitioner the opportunity to supplement his petition with information regarding where he was confined during the time period for which he seeks sentencing credit. If petitioner files a supplement to his complaint by the date set forth below, I will consider whether a response from the government is necessary. If petitioner does not supplement his petition, I will dismiss it for failure to show that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3).

ORDER

IT IS ORDERED that petitioner Kenneth A. Jones may have until May 17, 2018 to supplement his petition with information about where he was living during the time for which he seeks sentencing credit. If petitioner does not supplement his petition by May 17,

3

2018, I will dismiss it for failure to show that he is in custody in violation of the Constitution or laws or treaties of the United States.

Entered this 4th day of May, 2018.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge