IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH A. JONES,

                      OPINION AND ORDER

            Petitioner,

                      18-cv-239-bbc

    v.

LOUIS WILLIAMS, II,

           Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Federal prisoner Kenneth A. Jones filed a petition under 28 U.S.C. § 2241, seeking immediate release from custody on the ground that the Bureau of Prisons failed to properly credit him for time spent in federal custody prior to his revocation and the imposition of a 21 month sentence on June 21, 2017 in United States v. Jones, 11-cr-3110 (D. Neb.). In previous orders, I stated that it was unlikely that petitioner was entitled to relief because it appeared he was requesting credit for time he spent at a halfway house , and the Bureau of Prisons has the discretion to deny sentencing credit for time spent in a halfway house. Dkt. ##3, 6. However, because it was unclear whether petitioner had received all of the sentencing credit to which he was due under 18 U.S.C. § 3585(b), I ordered the government to respond to the petition. After reviewing the government's response, it is clear that the petition must be denied.

I draw the following facts from the records submitted by the government and from the docket in petitioner's underlying criminal case.

1

RECORD FACTS

Petitioner was taken into state custody on August 22, 2016. Dkt. #11-1. He was brought into federal custody on August 24, 2016, but returned to state custody again on August 29, 2016. Dkt. #11-2. On September 26, 2016, a federal judge issued an order setting conditions of release. Dkt. #11-3. As part of those conditions, if petitioner was released from state custody, he was to remain in federal custody until an opening became available at a half-way house in Council Bluffs, Iowa. Id. On October 3, 2016, petitioner was released on bond from state custody and was brought into primary federal custody. Dkt. #11-2. He was placed into a halfway house on November 18, 2016. Dkt. #11-10.

On February 28, 2017, petitioner was arrested by the United States Marshal Service for violating his conditions of release. Dkt. ##11-1 and 11-2. On May 30, 2017, petitioner was sentenced in state court to a 12-month term of imprisonment, to run consecutively to the pending federal sentence. Dkt. #11-4. In the state case, he received 38-days of sentencing credit for the time he spend in pretrial detention in state custody from August 22, 2016 to September 29, 2016.

On June 21, 2017, petitioner was sentenced in the United States District Court for the District of Nebraska to a 21-month term of imprisonment for violating the conditions of his supervision. Dkt. #11-5. The sentence was ordered to run consecutively to the Nebraska state sentence. Id. The court recommended that the Bureau of Prisons give petitioner credit for the time he was detained from August 24, 2016 to August 26, 2016, and August 29, 2016 to June 21, 2016, for a total of 300 days. Id. However, the Bureau of

2

Prisons gave petitioner only 164 days of sentence credit. Dkt. #11-9. The Bureau did not give petitioner credit for the 38 days of custody that had been credited to his state sentence already or for the time petitioner spent at the halfway house from November 18, 2016 to February 28, 2017.

Petitioner's current designation is the Federal Correctional Institution in Oxford, Wisconsin. He has a projected release date of July 17, 2018.

OPINION

Petitioner contends that he should have been given credit for the entire 300 days as recommended by the federal sentencing judge. In response, the government argues that the petition should be denied because (1) petitioner failed to exhaust his administrative remedies; and (2) petitioner is not entitled to credit for time credited against his state sentence or for time spent in a halfway house. Because it is clear that the petition fails on the merits, I need not address the government's exhaustion argument. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

Under 18 U.S.C. § 3585(b), the Bureau of Prisons must apply sentence credit for "any time [the defendant] has spent in official detention prior to the date the sentence commences" and "that has not been credited to another sentence." The question in this case is whether the Bureau has to give credit under § 3585(b) for time that petitioner spent at a

3

halfway house pending his revocation. The Supreme Court resolved this question in Reno v. Koray, 515 U.S. 50 (1995), in which the Court held that the Bureau did not have to give credit under § 3585(b) for time that a defendant spent at a community treatment center while he had been released on bail. As the Court explained, time spent under restrictive conditions of release, such as home detention or at a halfway house, does not constitute "official detention" as that term is used in § 3585(b). Id. at 65. Rather, "official detention" refers only to time spent in the Bureau's custody pursuant to a "detention order," not a "release order." Id. at 56-60. See also Ramsey v. Brennan, 878 F.2d 995, 996 (7th Cir. 1989) (upholding Bureau of Prisons' policy denying sentencing credit for time spent in halfway house); Schaefer v. Bezy, 199 F. Appx. 548, 551 (7th Cir. 2006) ("Schaefer is not entitled to time credit for the forty-one days that he spent at the Volunteers of America facility prior to his imprisonment."). Therefore, petitioner is not entitled to sentence credit for the time he spent on release at a halfway house. Accordingly, his petition for a writ of habeas corpus will be denied.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," Sanchez-Rengifo v. Caraway, 798 F.3d 532, 535 n.3 (7th Cir. 2015), so I do not need to decide whether petitioner is entitled to a certificate.

ORDER

IT IS ORDERED that petitioner Kenneth A. Jones's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

Entered this 9th day of July, 2018.

BY THE COURT:
/s/

BARBARA B. CRABB
District Judge